**Roy PRESSEL, Petitioner-Appellant,**

v.

**STATE OF OREGON, Respondent-Appellee.**

No. 71–2198.

United States Court of Appeals, Ninth Circuit.

May 25, 1972.

1. 29 U.S.C. § 151 et seq.

2. Reported at 181 N.L.R.B. No. 134.

3. Pittsburgh Plate Glass Co. v. NLRB, 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941).

Ross R. Runkel (argued), Salem, Or., for petitioner-appellant.

John W. Osburn, Sol. Gen. (argued), Jim G. Russell, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant, a prisoner of the State of Oregon, appeals from an order of the district court dismissing his petition for writ of habeas corpus.

Following state trial to a jury, appellant was convicted of assault with intent to commit murder in the second degree. His conviction was affirmed by the Oregon Court of Appeals, 2 Or.App. 477, 468 P.2d 915 (1970). Petition for rehearing was denied, and a review by the Supreme Court of the State of Oregon was denied.

Following filing of the petition for habeas corpus, the district court appointed counsel for appellant, conducted pretrial proceedings, and entered a pretrial order. Appellant, with counsel, was present at the hearing in the district court and was given the opportunity to present any new evidence which might be available. No such evidence was presented, and the petition was submitted to the district court on the record of proceedings in the trial and appellate courts of the State of Oregon which were before the district court.

On appeal, appellant contends that a coercively obtained confession, without being warned of his rights under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was improperly admitted at the trial.

After reviewing the state court record, the district court found that appellant had had a full and fair hearing, both on the facts and law, not only on his motion to suppress but also in the other proceedings in the trial and appellate courts.

He further found from the state court record that there was ample evidence for the trial court to find that appellant's confession was voluntary; and that the full Miranda warnings were given and were voluntarily waived.

We, too, have reviewed the proceedings in the courts of the State of Oregon and agree with the conclusions reached by the district court.

The proceedings in the district court were carefully conducted in conformity with the guidelines set forth in Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The order appealed from is affirmed.